# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **XAVIER MACK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| V. ) | **Case Number: 13-cv-2263-HGD** |
| ) | |
| **COLORWORKS PAINTING** ) | |
| **COMPANY, LLC, and ERIC** ) | |
| **BIRCHFIELD,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' JOINT REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **XAVIER MACK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| V. ) | Case Number: 13-cv-2263-HGD |
| ) | |
| **COLORWORKS PAINTING** ) | |
| **COMPANY, LLC, and ERIC** ) | |
| **BIRCHFIELD,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' JOINT REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

**NOW COME** Defendants Colorworks Painting Company, LLC, and Eric Birchfield and reply to plaintiff's claimed undisputed facts as follows:

**I.     Defendants' Reply to Plaintiff's Statement of Facts**

1.     Admitted, with clarification.  Birchfield admits that there are "glaring inconsistencies" in his version as to (1) why the plaintiff was laid off and (2) why the plaintiff was terminated – which are two different acts:

"At the time of this form was several weeks after the incident of me having to send the officers – when I – I – I decided Mr. Mack was going to be laid off after I repeatedly tried to get my – I mean, terminated completely after I repeatedly tried to get my stuff and he constantly ignored me. At the time –

at the time I had spoken with him about being laid off was over the weekend before the Monday of the text messages.  By that Friday when the officers had to go to his house, I decided if I had to go through that much trouble to get my stuff back, then he – and he didn't want to respond or have anything to do with me or try to communicate about the company property, then he no longer needed to work for me.  So, at the time I filled this form out, he was discharged and terminated.  (Deposition of Eric Birchfield, pp. 91-92)

    2.     Admitted.

    3.     Denied.  Monday after Thanksgiving, 2013, Mack sent Birchfield a text asking Birchfield why the other guys were working if work was slow.  Birchfield's response was something like "that's just the way it is."  Mack then said "[f]or a guy that's been with you for three years, work slow, but for a guy that's only been with you for two to three months, he's working, I don't understand.  Birchfield then asked Mack "[d]o you understand joking and laughing at the boss with other employees is detrimental to your job?" (Deposition of Xavier Mack, p. 26-28; Depositition of Eric Birchfield, p. 69-70).

    4.     Admitted.

    5.     Admitted.

    6.     Admitted.

7. Admitted.

8. Admitted.

9. Admitted, with clarification. Birchfield did eventually terminate Mack:

> "Q. All right. In your complaint, you allege that you were terminated on December 3, 2013. Is that an accurate date?
>
> A. I don't know exactly how accurate that is.
>
> Q. Okay.
>
> A. I know I was actually terminated – well, I was – it was the Monday following Thanksgiving."

(Deposition of Xavier Mack, p. 23; Mack, Exhibit 4, ¶ 2).

10. Admitted, with clarification. Plaintiff became a full-time employee in 2011. After plaintiff became a full-time employee, he was tardy over 150 times, disrespectful towards Burchfield at least 25 times, and insubordinate at least 10 times. (Birchfield, pp. 40, 59, 79-80; Mack, pp. 10, 12, 21).

11. Admitted, with clarification. Plaintiff received two cost of living raises. (Birchfield, pp. 40-41, 59).

12. Admitted.

13. Admitted.

14. Admitted, with clarification. By the time Birchfield filled out the

response to Mack's claim for unemployment, Mack had been terminated. (Birchfield, pp. 91-92).

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted, with clarification. Birchfield did not discuss his reasons for laying the Plaintiff off with anyone.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted, with clarification. Birchfield testified to seeing Mack sit on a bucket while the crew was working at the at the shop, not on a job site. (Birchfield, pp. 58-59, 105, 106).

27. Denied. Birchfield pulled up on a job site one day at 10:30 and Mr. Mack was sitting in the work van and Mr. Hill was painting the front door.

(Birchfield, p. 56).

28.    Denied.  Burchfield had previously reprimanded Mack for leaving a job site early after Birchfield instructed the crew Mack was working on not to leave until the job was finished. (Deposition of Xavier Mack, p. 34-35).  There was also at least one occasion when Burchfield came to a job site and found Mack sitting in the van eating a sandwich while the rest of the crew was working. (Deposition of Xavier Mack, p. 37).  There was also occasions when Burchfield would come to a job site and find Mack taking a break while the rest of the crew was working. (Deposition of Xavier Mack, p. 37-39).  Mack understood that Colorworks had a rule requiring everyone to take breaks and lunch at the same time. (Deposition of Xavier Mack, p. 37).

29.    Defendants admit that is plaintiff's testimony.

30.    Admitted.

**II.    CONCLUSION**

The evidence, even when viewed in the light most favorable to the Plaintiff, Xavier Mack, is sufficient support a finding that (1) Xavier Mack was reprimanded for leaving a job site early after Birchfield instructed the crew Mack was working on not to leave until the job was finished; (2) Xavier Mack was reprimanded for not taking lunch/breaks with the rest of the crew, contrary to the Colorworks work rules;

(3) Colorworks terminated Bobby Elliott, a white painter, for missing work; (4) Colorworks terminated Jonathan McElwane, a white painter, for not showing up to work on time; (5) Colorworks terminated Chris Riley, a white painter, for insubordination; (6) Colorworks and a reasonable, good faith honest belief that Xavier Mack mocked Eric Birchfield after being reprimanded for taking too long for lunch; (7) Colorworks had legitimate, non-discriminatory reasons for terminating Mack's employment with Colorworks; and (8) the reasons given for Mack's layoff and/or termination are not a pretext for discrimination.

Plaintiff Xavier Mack has failed to produce sufficient evidence to support a finding that (1) he was laid off and/or terminated on the basis of his race, or (2) the reasons offered for his layoff and/or termination are a pretext for discrimination. Therefore, the Defendants are entitled to a judgment as a matter of law and their motions for summary judgment are due to be GRANTED.

                                    Respectfully submitted,

                                    s/ Scott A. Gilliland
                                    Scott A. Gilliland (ASB-6604-l67s)
                                    Counsel for Colorworks

Law Office of Scott A. Gilliland
400 Vestavia Parkway Suite 100
Vestavia Hills, AL 35216
Phone: (205)978-8800
Fax: (205)978-8811

## CERTIFICATE OF SERVICE

    I hereby certify that on March 26, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

<u>Counsel for Plaintiff</u>
Gregory O. Wiggins, Esq.
Kevin W. Jent, Esq.

                          <u>s/Scott A. Gilliland</u>
                          Counsel for Colorworks